Foot, J.
 

 (.Dissenting.)
 
 — The main question between the parties in this action, respects the true construction of the following receipt: “Received, Rochester, November 21,1845, from James S. Wadsworth by F. M. Edson, two
 
 *71
 
 thousand three hundred forty-five bushels first quality wheat, subject to order, any day *when called r ^ ^3 for; any day after first day of January next, without charge for storage. Smith & Allcott.”
 

 The exact point for decision is, whether the receipt imports a bailment, or a sale, of the wheat mentioned in it. The court, ascertaining the true meaning of the parties, has in addition to the language of the receipt, the aid of the fact that Smith & Allcott were millers, and not mere warehousemen. Considering the position in which these parties stood, the one having a large quantity of wheat; which he wished to hold, doubtless, for a better market, and the others being' manufacturers of wheat into flour, I cannot resist the impression, that neither the one nor the others expected the same identical wheat to be delivered, when demanded.
 

 The respondent would have no motive for wishing the same wheat redelivered to him, but there was a substantial reason for his desiring the same quality of wheat to be returned, and that he should incur no expense for storage, and hence, the receipt specifies the quality of the wheat delivered, and that there should be no charge for storage. And as to the appellants, if the identical wheat delivered was to be returned, the time when, could be of no consequence to them, as they had no pay for storage; but if they were to manufacture this wheat, and return a like quality and quantity, the time when was of great importance to them. 1st. In respect to the profit they might expect and calculate to make from the diminution of price between the time of receipt and delivery; 2d. In respect to the purchases necessary for them to make to keep their mill in action; and 3d. In respect to the time
 
 when
 
 they must make the requisite outlay of funds to supply themselves with the quality and quantity of wheat required to meet the call for a return; and hence, the stipulation that the wheat shall not be called for till after first of January following the date of the receipt.
 
 *72
 
 Besides, as the appellants had nothing for storage, the transaction, if a bailment, would throw a heavy burden upon them, without any corresponding benefit, real or-prospective.
 

 The construction of this receipt depends so entirely * 741 uPon *own peculiar language and accompaJ nying facts, that little, if any aid can be derived from adjudged cases, unless one could be met with like it in all respects; there is no such one, to my knowledge. The learning on the subject appears to have been exhausted in the prevailing and dissenting opinions in the case in this court, of
 
 Mallory
 
 v.
 
 Willis
 
 (4 N. Y. 76).
 

 The spirit of the decisions, and the decisions themselves, so far as they apply, appear to me, to lead to the conclusion to which I have arrived, viz., that this receipt does not import a bailment.
 

 Judgment affirmed.